# COMPLAINT FOR DECLARATORY JUDGMENT UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

**SAUMIK TEWARI,**
Plaintiff,

v. Civil Action No. _____

**JPJ VENTURES, LLC,**
Defendant.

*[Stamp: FILED OCT 21 2025, CLERK U S DISTRICT COURT DISTRICT OF ARIZONA, BY ___ DEPUTY]*

*[Stamp: THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT. REFERENCE LRCivP 7.1(a) (Rule Number/Section)]*

*[Stamp: CV25-03913-PHX-DWL]*

**TO THE HONORABLE COURT:**

Plaintiff Saumik Tewari ("Plaintiff"), proceeding pro se, brings this action for declaratory judgment under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), challenging a decision in a Uniform Domain Name Dispute Resolution Policy ("UDRP") proceeding that ordered the transfer of the domain name "scribehealth.ai" from Plaintiff to Defendant.

2. Plaintiff seeks a declaration that his registration and use of the domain name "scribehealth.ai" does not violate the ACPA or constitute trademark infringement under federal law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 15 U.S.C. § 1125(d) (ACPA jurisdiction).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and the UDRP mutual jurisdiction provision because the domain registrar Spaceship Inc is located at 4600 East Washington Street, Suite 300, Phoenix, AZ 85034, USA, within this judicial district.

5. This Court has personal jurisdiction over Defendant pursuant to the UDRP mutual jurisdiction provision. Under UDRP Rules 3(b)(xiii), "Mutual Jurisdiction" means a court jurisdiction at the location of either (a) the principal office of the Registrar, or (b) the domain-name holder's address as shown in the Registrar's WHOIS database. The registrar Spaceship Inc's principal office is located within this judicial district.

6. By filing its UDRP complaint on September 17, 2025, Defendant submitted to the mutual jurisdiction of this Court pursuant to UDRP Policy paragraph 4(k) and UDRP Rules 3(b)(xiii).

**PARTIES**

7. Plaintiff Saumik Tewari is an individual residing at 393 Weirfield Street, Brooklyn, NY 11237.

8. Plaintiff operates Better Financial Corporation, DBA ScribeHealth AI, providing AI-powered medical scribe services to healthcare providers.

9. Defendant JPJ Ventures, LLC is a Tennessee limited liability company with its principal place of business at 1903 21st Avenue South, Nashville, TN 37212.

10. Defendant operates under the trade name "iScribeHealth" and provides medical documentation services.

**FACTUAL BACKGROUND**

11. Plaintiff operates a legitimate technology business providing AI-powered medical scribe services to healthcare providers.

12. Plaintiff's business was accepted into the Y Combinator accelerator program and has raised venture capital funding from reputable investors.

13. On February 2, 2025, Plaintiff registered the domain name "scribehealth.ai" in good faith for his business operations with registrar Spaceship Inc, located at 4600 East Washington Street, Suite 300, Phoenix, AZ 85034, USA.

14. The domain name consists of descriptive terms commonly used in the healthcare documentation industry: "scribe" (referring to medical transcription services), "health" (indicating the healthcare industry), and ".ai" (denoting artificial intelligence technology).

15. Numerous companies in the healthcare documentation industry use similar terminology, including AWS HealthScribe (Amazon), ScribeAmerica, and other entities.

16. On September 17, 2025, Defendant filed a UDRP complaint against Plaintiff under Case No. FA2509002177530 with the Forum ADR Center.

17. Plaintiff filed a response to the UDRP complaint on October 9, 2025, one day after the initial deadline due to mistakenly filing with the wrong forum initially, demonstrating his legitimate rights and interests in the domain name.

18. On October 14, 2025, a UDRP panel ordered the transfer of the domain name "scribehealth.ai" to Defendant. A true and correct copy of the UDRP Decision is attached hereto as Exhibit A and incorporated herein by reference.

19. The domain is scheduled to be transferred on October 28, 2025, unless appropriate legal action is commenced.

**CLAIM FOR DECLARATORY JUDGMENT**

20. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

21. An actual controversy exists between the parties regarding whether Plaintiff's registration and use of "scribehealth.ai" violates the ACPA.

22. Plaintiff seeks a declaration that his registration and use of the domain name "scribehealth.ai" does not constitute cybersquatting under 15 U.S.C. § 1125(d).

23. Plaintiff registered the domain name in good faith for legitimate business purposes, not to profit from Defendant's trademark rights.

24. Plaintiff has legitimate rights and interests in the domain name based on his bona fide business use and the descriptive nature of the terms.

25. The domain name consists of generic and descriptive terms that are commonly used in the healthcare documentation industry.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Plaintiff's registration and use of the domain name "scribehealth.ai" does not violate the ACPA, 15 U.S.C. § 1125(d);

B. Enjoin the transfer of the domain name "scribehealth.ai" to Defendant pending resolution of this action;

C. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**

**Saumik Tewari**
393 Weirfield Street
Brooklyn, NY 11237
Phone: 929-210-3809
Email: saumik.tewari@gmail.com
Pro Se Plaintiff

## VERIFICATION

I, Saumik Tewari, declare under penalty of perjury under the laws of the United States that I have read the foregoing Complaint and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on October 21, 2025.

*Saumik Tewari*

Saumik Tewari
10 / 21 / 2025

# EXHIBIT A

**UDRP DECISION**

Case No. FA2509002177530

**Complainant:** JPJ Ventures, LLC
**Respondent:** Saumik Tewari
**Domain Name:** scribehealth.ai
**Forum:** Forum ADR Center
**Decision Date:** October 14, 2025

## INSTRUCTIONS FOR ATTACHMENT

This page serves as a cover sheet for **Exhibit A** to the Complaint.

**Exhibit A** consists of the complete UDRP Decision issued by the Forum ADR Center on October 14, 2025, in Case No. FA2509002177530.

The actual UDRP Decision document should be attached immediately following this cover sheet.

## DOCUMENT DESCRIPTION

- **Document Type:** UDRP Panel Decision
- **Case Number:** FA2509002177530
- **Decision Date:** October 14, 2025
- **Panel Decision:** Transfer of domain name "scribehealth.ai" to Complainant
- **Scheduled Transfer Date:** October 28, 2025

## CERTIFICATION

I, Saumik Tewari, hereby certify that the attached document is a true and correct copy of the UDRP Decision issued in Case No. FA2509002177530 on October 14, 2025.

Dated: October 21, 2025

*Saumik Tewari*    10 / 21 / 2025
_____
Saumik Tewari
Pro Se Plaintiff

**[ATTACH COMPLETE UDRP DECISION DOCUMENT HERE]**



# DECISION

JPJ Ventures, LLC v. Saumik Tewari

Claim Number: FA2509002177530

## PARTIES

Complainant is **JPJ Ventures, LLC** ("Complainant"), represented by **Daniel Sineway** of **Bradley Arant Boult Cummings LLP**, Georgia, USA. Respondent is **Saumik Tewari** ("Respondent"), New York, USA.

## REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is <**scribehealth.ai**>, registered with **Spaceship, Inc.**

## PANEL

The undersigned certifies that they have acted independently and impartially and to the best of their knowledge have no known conflict in serving as Panelist in this proceeding.

Sandra J. Franklin as Panelist.

## PROCEDURAL HISTORY

Complainant submitted a Complaint to FORUM electronically on September 17, 2025; FORUM received payment on September 17, 2025.

On September 17, 2025, Spaceship, Inc. confirmed by e-mail to FORUM that the <scribehealth.ai> domain name is registered with Spaceship, Inc. and that Respondent is the current registrant of the name. Spaceship, Inc. has verified that Respondent is bound by the Spaceship, Inc. registration agreement and has thereby agreed to resolve domain disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On September 18, 2025, FORUM served the Complaint and all Annexes, including a Written Notice of the Complaint, setting a deadline of October 8, 2025 by which Respondent could file a Response to the Complaint, via e-mail to all entities and persons listed on Respondent's registration as technical, administrative, and billing contacts, and to postmaster@scribehealth.ai. Also on September 18, 2025, the Written Notice of the Complaint, notifying Respondent of the e-mail addresses served and the deadline for a Response, was transmitted to Respondent via post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts.

Having received no formal response from Respondent, FORUM transmitted to the parties a Notification of Respondent Default.

On October 9, 2025, pursuant to Complainant's request to have the dispute decided by a single-member Panel, FORUM appointed Sandra J. Franklin as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that FORUM has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent" through submission of Electronic and Written Notices, as defined in Rule 1 and Rule 2. Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, FORUM'S Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any response from Respondent.

## RELIEF SOUGHT

Complainant requests that the domain name be transferred from Respondent to Complainant.

## PRELIMINARY ISSUE – LATE RESPONSE

The Response was filed with FORUM one day late. FORUM Supplemental Rule 6(a)(ii) provides for Panel discretion to grant extensions for "exceptional circumstances." Respondent explains and documents that it mistakenly filed its Response on time with the wrong forum, the World Intellectual Property Office, demonstrating its intent to comply with the Rules. The Panel also notes that the delay was minor and did not cause undue hardship to Complainant. Therefore, the Panel accepts and will consider the Response filed with FORUM on October 9, 2025, one day after the official due date.

## PARTIES' CONTENTIONS

### A. Complainant

1. Respondent's <scribehealth.ai> domain name is confusingly similar to Complainant's ISCRIBEHEALTH mark.

2. Respondent does not have any rights or legitimate interests in the <scribehealth.ai> domain name.

3. Respondent registered and uses the <scribehealth.ai> domain name in bad faith.

### B. Respondent

1. Respondent's &lt;scribehealth.ai&gt; domain name is not confusingly similar confusingly similar to Complainant's ISCRIBEHEALTH mark because it omits the "i" and uses a different top-level domain.

2. Respondent has legitimate interests in the &lt;scribehealth.ai&gt; domain name because it is in the Y Combinator accelerator program, has attracted venture capital, and conducts business using "ScribeHealth".

3. Respondent registered and uses the &lt;scribehealth.ai&gt; domain name in good faith because it is fairly competing with Complainant using words common in the industry.

C. Complainant's Additional Submission

1. Complainant refutes the Reverse Domain Name Hijacking allegation by reiterating it's trademark rights and use of the ISCRIBEHEALTH mark since 2015 in the same industry that Respondent operates in.

2. Complainant also provides evidence of its attempts to resolve this matter prior to the commencement of this proceeding.

## FINDINGS

Complainant provides medical documentation software and holds a registration for the ISCRIBEHEALTH logo mark with the United States Patent and Trademark Office ("USPTO") (Reg. No. 5,548,796, registered August 28, 2018), and for the ISCRIBEHEALTH word mark (Reg. No. 7,488,159, registered August 27, 2024), showing First Use dates in 2017. Complainant also uses ISCRIBE AI and has a pending trademark application for that mark with the USPTO, dated October 9, 2023; Complainant received a Notice of Allowance on that application on October 9, 2024.

Respondent registered the <scribehealth.ai> domain name on February 2, 2025, and uses it primarily to compete with Complainant.

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted and in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1) the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and

(2) Respondent has no rights or legitimate interests in respect of the domain name; and

(3) the domain name has been registered and is being used in bad faith.

## Identical and/or Confusingly Similar

The Panel finds that Complainant has rights in the ISCRIBEHEALTH mark through registration with the USPTO. *See DIRECTV, LLC v. The Pearline Group*, FA 1818749 (FORUM Dec. 30, 2018) ("Complainant's ownership of a USPTO registration for DIRECTV demonstrate its rights in such mark for the purposes of Policy ¶ 4(a)(i).")

Respondent's <scribehealth.ai> domain name uses the ISCRIBEHEALTH mark and simply drops a letter, and adds a top-level domain. These changes do not sufficiently distinguish a disputed domain name from a mark under Policy ¶ 4(a)(i). It is well-settled that changing one letter does not render a domain name distinctive from a mark under the Policy. *See, e.g., SidePrize, LLC d/b/a PrizePicks v. ipul erna*, FA2502002138724 (Feb. 27, 2025) (holding that the omission of the letter "s" in the domain name <playprizepick.com> did not distinguish the domain from the

mark PRIZEPICKS because "misspellings, such as the omission of a letter 's' in this case, does not distinguish the Domain Name from the Complainant's trade mark pursuant to the Policy.")

It is also well-settled that the addition of a top-level domain does nothing to distinguish a domain name from a mark. *See Rollerblade, Inc. v. Chris McCrady*, D2000-0429 (WIPO June 25, 2000) ("There can be no question that Respondent's domain name <ROLLERBLADE.NET> is identical to Complainant's trademark 'Rollerblade', and this Panel so finds. It is already well established that the specific top level of the domain name such as 'net' or 'com' does not affect the domain name for the purpose of determining whether it is identical or confusingly similar.") The Panel notes that the "ai" top-level domain adds to confusing similarity in this case, since Complainant operates in the artificial intelligence arena and also uses the ISCRIBE AI mark. *See, e.g., Google LLC v. Feng Deng / ZingFront HongKong Limited*, FA2505002155500 (June 7, 2025) (holding that the ".ai" gTLD in the domain <veo2.ai> did not distinguish the domain from the mark VEO and, in fact, "reinforce[d] the impression that the domain name belong[ed] to Complainant.") Therefore, the Panel finds that Respondent's **<scribehealth.ai>** domain name is confusingly similar to Complainant's ISCRIBEHEALTH mark.

The Panel finds that Complainant has satisfied Policy ¶ 4(a)(i).

### Rights or Legitimate Interests

Once Complainant makes a *prima facie* case that Respondent lacks rights and legitimate interests in the disputed domain name under Policy ¶ 4(a)(ii), the burden shifts to Respondent to show it does have rights or legitimate interests. *See Advanced International Marketing Corporation v. AA-1 Corp,* FA 780200 (FORUM Nov. 2, 2011) (finding that a complainant must offer some evidence to make its *prima facie* case and satisfy Policy ¶ 4(a)(ii)); *see also Neal & Massey Holdings Limited v. Gregory Ricks*, FA 1549327 (FORUM Apr. 12, 2014) ("Under Policy ¶ 4(a)(ii), Complainant must first make out a *prima facie* case showing that Respondent lacks rights and legitimate interests in respect of an at-issue domain name and then the burden, in effect, shifts to Respondent to come forward with evidence of its rights or legitimate interests").

Complainant contends that Respondent has no rights or legitimate interests in the <scribehealth.ai> domain name as Respondent is not commonly known by the domain name. Complainant has not given Respondent permission to use its ISCRIBEHEALTH mark in the disputed domain name. The WHOIS identifies "Saumik Tewari" as the registrant of the disputed domain name. Respondent claims that it is known in the industry by the disputed domain name because it was accepted in the Y Combinator accelerator program and because it has secured funding and

traffic at the domain name. However, the Panel finds that this does not establish that Respondent is *commonly known* by the disputed domain name, particularly where Complainant has already been operating in the same industry with a very similar, registered mark, since at least 2017. Therefore, the Panel finds that Respondent is not commonly known by the disputed domain name, and thus has no rights under Policy ¶ 4(c)(ii). *See Amazon Technologies, Inc. v. Suzen Khan / Nancy Jain / Andrew Stanzy*, FA 1741129 (FORUM Aug. 16, 2017) (finding that respondent had no rights or legitimate interests in the disputed domain names when the identifying information provided by WHOIS was unrelated to the domain names or respondent's use of the same); *see also Navistar International Corporation v. N Rahmany*, FA1505001620789 (FORUM June 8, 2015) (finding that the respondent was not commonly known by the disputed domain name where the complainant had never authorized the respondent to incorporate its NAVISTAR mark in any domain name registration).

Despite Respondent's argument that the words "scribe" and "health" are used in the industry, the fact remains that Complainant has claimed rights in the ISCRIBEHEALTH mark in that industry, and has been given the exclusive right to use that mark by the USPTO in the services covered by Class 42. The entire purpose of a trademark registration is to claim the exclusive right to use particular words in a distinctive presentation, in

a particular field, and to preclude others from using confusingly similar marks in that field; enforcement of those rights is part of the Panel's job. It cannot be legitimate to claim rights because a respondent can show Internet traffic obtained by using a domain name that is confusingly similar to a registered mark in the same class of services; i.e. one cannot establish rights by trading off another's goodwill.

Complainant argues that Respondent does not use the <scribehealth.ai> domain name for a *bona fide* offering of goods or service or a legitimate noncommercial or fair use by offering competing services. It is well-settled that using a disputed domain name to sell competing products or services is not a *bona fide* offering of goods or service or a legitimate noncommercial or fair use under Policy ¶ 4(c)(i) or Policy ¶ 4(c)(iii). *See Invesco Ltd. v. Premanshu Rana*, FA 1733167 (FORUM July 10, 2017) ("Use of a domain name to divert Internet users to a competing website is not a *bona fide* offering of goods or services or a legitimate noncommercial or fair use.") Complainant provides screenshots of the website at the disputed domain name, showing that Respondent offers services in competition with Complainant. In fact, Respondent admits to engaging in "fair competition" in the same industry. The Panel finds that this is not a *bona fide* offering of goods or services or a legitimate noncommercial or fair use, and thus Respondent has no rights under Policy ¶ 4(c)(i) or Policy ¶ 4(c)(iii).

The Panel finds that Complainant has satisfied Policy ¶ 4(a)(ii).

**Registration and Use in Bad Faith**

Complainant claims that Respondent registered and uses the <scribehealth.ai> domain name in bad faith to divert users to Respondent's competing website for commercial gain. The Panel agrees and finds bad faith under Policy ¶ 4(b)(iv). See *DLJ Long Term Inv. Corp. v. BargainDomainNames.com*, FA 104580 (FORUM Apr. 9, 2002) ("Respondent is not using the disputed domain name in connection with a *bona fide* offering of goods and services because Respondent is using the domain name to divert Internet users to <visual.com>, where services that compete with Complainant are advertised."); *see also Ameritrade Holdings Corp. v. Polanski*, FA 102715 (FORUM Jan. 11, 2002) (finding that use of a domain name to redirect consumers to a website which competed with the complainant was not a *bona fide* offering of goods or services). Respondent's argument that its website looks different than Complainant's is wholly irrelevant to the bad faith analysis, as the damage has already been done in diverting Internet traffic from users seeking Complainant to Respondent's website.

Complainant claims that Respondent registered the <scribehealth.ai> domain name with knowledge of Complainant's rights in the

ISCRIBEHEALTH mark. The Panel agrees, noting that Respondent uses the disputed domain name to directly compete with Complainant. The Panel does not find it credible that Respondent was unaware of Complainant's rights in the same field as Complainant, particularly when Respondent cites industry news articles and otherwise demonstrates awareness of the industry. The Panel thus finds further bad faith under Policy ¶ 4(a)(iii). *See Minicards Vennootschap Onder FIrma Amsterdam v. Moscow Studios*, FA 1031703 (FORUM Sept. 5, 2007) (holding that respondent registered a domain name in bad faith under Policy ¶ 4(a)(iii) after concluding that respondent "actual knowledge of Complainant's mark when registering the disputed domain name").

The Panel notes that Complainant also provides screenshots from <scribehealth.ai> showing that Respondent solicits personal information from users, which constitutes phishing, and thus finds further bad faith under Policy ¶ 4(a)(iii). *See Coinbase v. Anonymize*, FA2108001958522 (FORUM Sept. 7, 2021) (finding bad faith when the domain name was used with a phishing scheme).

The Panel finds that Complainant has satisfied Policy ¶ 4(a)(iii).

**REVERSE DOMAIN NAME HIJACKING**

For all of the reasons above, the Panel finds that there was no Reverse Domain Name Hijacking.

## DECISION

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED.**

Accordingly, it is Ordered that the <scribehealth.ai> domain name be **TRANSFERRED** from Respondent to Complainant.

*Sandra J. Franklin*
Sandra J. Franklin
Arbitrator

Sandra J. Franklin, Panelist

Dated: October 14, 2025